**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**NO. 3:19-CV-00313-RGJ**

**MARTICE N. MCRAE,** *et al.*                                                                                       **PLAINTIFFS**

v.      **MOTION TO DISMISS ALL PLAINTIFF'S CLAIMS**
**AGAINST LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT**
**(electronically filed)**

**LOUISVILLE-JEFFERSON COUNTY**
**METRO GOVERNMENT,** *et al.*                                                                                 **DEFENDANTS**

\* \* \* \* \* \* \*

Comes Defendant, Louisville-Jefferson County Metro Government (Metro Government), by counsel, and moves the Court to dismiss Plaintiff's claims against it pursuant to CR 12.02(f) for failure to state a claim upon which relief can be granted. As grounds for this Motion, Defendant states as follows:

### Introduction

According to the Complaint, Plaintiffs Martice Mcrae and Desmond Duncan each encountered foreign objects in their food while in custody at Louisville Metro Department of Corrections (LMDC). It is alleged that Mcrae bit down on a piece of metal which caused a laceration in his mouth when he received his lunch tray at LMDC on June 21, 2018. Duncan then bit down on a piece of wood which caused a piece of his tooth to break off when he received a food tray on September 15, 2018. Both Plaintiffs received medical care at LMDC. Neither is alleging failure to respond appropriately or provide necessary medical care by LMDC officials.

LMDC contracts with Defendant, Trinity Services Group, for the preparation and supply of the meals that are provided to inmates at LMDC. It is clear from the facts pled in the Complaint that the food provided to Plaintiffs alleged to have foreign materials in it was provided by Trinity rather than LMDC. Plaintiffs have raised claims of §1983 violations of the fourth and fourteenth amendments and negligence based on res ipsa loquitur against Metro Government.

## Argument

A complaint should be dismissed for failing to state a claim upon which relief can be granted when it appears beyond doubt the complaint sets forth no set of facts, which if proved, would entitle the plaintiff to relief. Federal Rule of Civil Procedure 12(b)(6). In deciding whether to dismiss a complaint for failing to state a claim for which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Ley v. Visteon Corp.*, 540 F.3d 376, 380 (6th Cir. 2008); *Lillard* v. *Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996). In this case, Plaintiffs cannot support the claims against Metro Government, and those claims should be dismissed accordingly.

I. **§ 1983 Claims Against Metro Government**

When a §1983 claim is made against a municipality such as Metro Government, this court must analyze two distinct elements: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether Metro Government is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality can be held liable under §1983 only when the municipality itself is responsible for the constitutional violation. *City of*

*Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989). It is only those cases where "a custom, policy or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights" that municipal liability attaches. *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012).

Plaintiffs' Complaint fails to get past the first prong required to prove §1983 liability in that it does not establish that Plaintiffs' harm was caused by a constitutional violation. Plaintiffs attempt to turn a simple negligence claim against Trinity into a constitutional violation of which Metro Louisville should have been aware. However, the facts clearly fall short of establishing any such violations. While deprivation of food may be violative of an inmate's constitutional rights, there has been no establishment of a constitutional right related to the quality of food provided to inmates housed in jails or prisons. Even if it could be determined that a constitutional right has been violated, there are no facts that support liability on behalf of Metro Government.

To establish a claim of §1983 municipal liability, Plaintiffs must "demonstrate that, through its ***deliberate*** conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997.) (Emphasis in original).

Because Plaintiffs do not raise allegations of any express policy or act by Metro Government, they raise a deliberate indifference claim. See *Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 995 (6th Cir. 2017). Plaintiffs first claim that because no public record shows that the Metro Office of Internal Audit has recommended changes to LMDC's policies, procedures, customs and practices, Metro Government has acted deliberately indifferent.

3

The Complaint references grievances related to food provided by Trinity at other jails about which it claims Metro Government should have been aware. This argument is contrary to the stringent standards required to place §1983 liability on a municipality. "It must be shown that the need to act is so obvious that [Metro Government's] 'conscious' decision not to act can be said to amount to a 'policy' of deliberate indifference." *Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. Of Educ.*, 103 F.3d 495, 508 (6th Cir. 1996)., citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). The Court went on to conclude that, "deliberate indifference in this context does not mean a collection of sloppy, or even reckless, oversights' it means evidence showing an obvious, deliberate indifference." *Id*. The absence of a recommendation relating to the food service company utilized by LMDC is insufficient to establish deliberate indifference. Similarly, a collection of complaints arising from separate institutions about the quality of Trinity's food and/or food services does not render the need to act so obvious that continuing its contract with Trinity amounts to deliberate indifference.

Although it is required that a Court accept the factual allegations raised in a Complaint as true for purposes of a motion to dismiss, it is also true that, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is insufficient that the Complaint contain only "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Id*. When considering a motion to dismiss, the Court is not required to accept, "conclusory legal allegations that do not include ***specific*** facts necessary to establish the cause of action." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (emphasis added). "The Plaintiff's Complaint instead 'must contain either direct or inferential allegations with respect to all material elements necessary to sustain recovery under some viable legal theory.'" *Id*., citing *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.

2007). Here, Plaintiffs did no more than recite the elements of a §1983 claim against a municipality while pleading no facts that sufficiently allege that an established constitutional right was violated or that Metro Government was the moving force behind the violation. Accordingly, the §1983 claim against Metro Government must be dismissed.

### II. Negligence Claim Against Metro Government

Plaintiffs also allege negligence against Metro Government. With respect to the allegation that Plaintiffs are entitled to recover on the theory of negligence, Metro Government is entitled to sovereign immunity. Under the doctrine of sovereign immunity, Metro Government is immune from suit. Sovereign immunity precludes an action "against the state unless the state has given its consent or otherwise waived its immunity." *Yanero*, 65 S.W.3d at 518. As political subdivisions of the state, county governments are likewise entitled to sovereign immunity. *Id.* at 526. Louisville Metro is a consolidated local government established pursuant to K.R.S. Chapter 67C. The General Assembly expressly addressed the applicable immunity of such governments in K.R.S. 67C.101(2)(e), which provides that consolidated local governments "shall be accorded the same sovereign immunity granted counties, their agencies, officers, and employees." *See also Jewish Hosp. Healthcare Services, Inc. v. Louisville/Jefferson County Metro Government*, 270 S.W.3d 905, 906 (Ky. App. 2008) ("[Louisville] Metro Government is entitled to sovereign immunity"); *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004) (finding that Lexington-Fayette Urban County Government was immune from suit).

Sovereign immunity confers on consolidated local governments the right to be free of the burden and expense of mounting and maintaining a defense to suits filed against them, as well as any of the other consequences of litigation. *Smolcic*, 142 S.W.3d at 135. Sovereign immunity is

an absolute immunity from action which provides total protection from the costs and other burdens, of engaging in discovery, trials, and all other forms of pre and post-judgment judicial proceedings. *Id*. Sovereign immunity exists for the benefit of the public, thereby permitting the government to concentrate its resources and energies for the benefit of its citizens, and to exercise fully independent judgment, free of any concerns of actual or potential litigation. *Id*. Consequently, the state law claim of Negligence against Metro Government must be dismissed.

**Conclusion**

For the foregoing reasons, Metro Government respectfully requests this Honorable Court to enter the attached order dismissing all Plaintiffs' claims against them.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY


 /s/ *Susan K. Rivera*
SUSAN K. RIVERA
J. DENIS OGBURN
Assistant Jefferson County Attorneys
531 Court Place, Suite 900
Louisville, Kentucky 40202
Phone (502) 574-3076
Fax (502) 574-4215
Susan.rivera@louisvilleky.gov
Denis.ogburn@louisvilleky.gov
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

It is hereby certified that on May 29, 2019, the foregoing was electronically filed with the clerk of the court by using the ECF system and an electronic copy was sent via email to all counsel of record.

                                                /s/ *Susan K. Rivera*
                                                Susan K. Rivera