UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00313-GNS-CHL

MARTICE N. MCRAE, et al.                                        PLAINTIFFS

v.

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                        DEFENDANTS

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motion to Dismiss (DN 6).  The matter is ripe for adjudication.  For the reasons stated below, the motion is **GRANTED**.

## I.      <u>STATEMENT OF FACTS</u>

Plaintiffs Martice McRae ("McRae") and Desmond Duncan ("Duncan") are pretrial detainees housed by the Louisville Metro Department of Corrections ("LMDC"), which is a department of Louisville-Jefferson County Metro Government ("Louisville Metro").  (Compl. ¶¶ 1-2, 4-5, DN 1).  The LMDC contracts with Trinity Services Group, Inc. ("Trinity") to provide nutritional services for inmates of in its facility.  (Compl. ¶ 6).

McRae alleges that he received a food tray with his lunch and that when he ate his meal he bit into a piece of metal inside the food.  (Compl. ¶ 13).  McRae alleges that the metal caused a laceration inside his mouth and that he was later treated with pain medications by medical staff at LMDC for his injury.  (Compl. ¶¶ 13-15).  Similarly, Duncan alleges that when he received his food tray and attempted to eat his lunch, he bit down onto a piece of wood.  (Compl. ¶ 18).  Duncan

alleges that a portion of his tooth was broken off in the wood and he was directed to medical staff. (Compl. ¶ 18).

Plaintiffs filed suit against Louisville Metro and Trinity both for violation of Section 1983 and negligence. (Compl. ¶¶ 31-88). In addition, Plaintiffs assert claims against Trinity based on products liability and for violations of the Kentucky Food, Drug, and Cosmetic Act. (Compl. ¶¶ 89-104). Louisville Metro has moved to dismiss the claims asserted against it. (Def.'s Mot. Dismiss, DN 6).

## II.    <u>STANDARD OF REVIEW</u>

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir.2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett,* 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995)).

### III.   DISCUSSION

Defendant moved to dismiss Plaintiffs' claims on multiple grounds.

### A.   Section 1983 Claim

Louisville Metro asserts that Plaintiffs' Section 1983 claim should be dismissed for failure to allege any constitutional violation.  (Def.'s Mot. Dismiss 3).  When analyzing a plaintiff's Section 1983 claim against a municipality the court must determine: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the [municipal government] is responsible for that violation."  *Collins v. Harker Heights*, 503 U.S. 115, 120 (1992) (citations omitted).  But a [municipality] cannot be held liable absent an underlying constitutional violation. *Burkey v. Hunter*, 790 F. App'x 40, 41 (6th Cir. 2020).  Here, although Plaintiffs are challenging their conditions of confinement, the parties dispute the standard used to determine "whether plaintiff's harm was caused by a constitutional violation . . . ."  *Collins*, 503 U.S. at 120.

The Eighth Amendment Cruel and Unusual Punishment clause "places restraints on prison officials, who may not, for example, use excessive physical force against prisoners . . . [but it] also imposes duties on these officials, who must provide humane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal citation omitted) (citations omitted).  For example, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care . . . ."  *Id.*  When a convicted prisoner sues under Section 1983, the Eighth Amendment provides the underlying constitutional basis; but as the Eight Amendment only applies after conviction, the Due Process Clause of the Fourteenth Amendment incorporates the Eight Amendment protections for pretrial detainees, like the plaintiffs here.  *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018).  Consistently, courts have "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'"

3

*Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).

Traditionally, both excessive force and "conditions-of-confinement" claims brought under the Eight Amendment rubric have had an objective and subjective standard.  For conditions of confinement claims, a plaintiff must prove that the jail acted with deliberate indifference.  *See, e.g.*, *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020).  To satisfy the objective prong of the deliberate indifference standard, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm."  *Id.* at 840 (quoting *Farmer*, 511 U.S. at 834).  Under the subjective prong, an official must subjectively "know[] of and disregard[] an excessive risk to inmate health or safety."  *Id.* (quoting *Farmer*, 511 U.S. at 837).

Plaintiffs make no mention of a two-pronged analysis whatsoever.  (Pls.' Resp. Def.'s Mot. Dismiss 2, DN 11).  Louisville Metro correctly asserts that because Plaintiffs' claims relate to the conditions of their confinement, such claims "must be pled that 'the failure to protect from risk of harm [was] objectively serious' and that 'the official acted with deliberate indifference to inmate health or safety.'" (Def.'s Reply Mot. Dismiss 2, DN 12 (quoting *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010))). Plaintiffs assert "the condition of foreign objects regularly being found in inmate food trays was evidence that the quality of the food was not maintained at a reasonable level, but rather was below a minimally adequate level, constituting a constitutional violation." (Pls.' Resp. Def.'s Mot. Dismiss 2-3).

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'"  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  But "extreme deprivations are required to make out a conditions-of-confinement claim."  *Id.* at 9.  The Sixth Circuit has held that the objective

component of a conditions-of-confinement claim is proven where the detainee or prisoner is denied "the minimal civilized measure of life's necessities." *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (quoting *Farmer*, 511 U.S. at 834). This includes deprivations of "adequate food, clothing, shelter, [medical care, and safety]." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013) (alteration in original) (citing *Farmer*, 511 U.S. at 832).

However, the Sixth Circuit has held that allegations of "occasional foreign objects in food do not state an eighth amendment violation of the right to remain free from cruel and unusual punishment." *Cross v. McMackin*, 827 F.2d 769, 1987 WL 44544, at *1 (6th Cir. 1987) (citations omitted). Instead, to state a constitutional violation for unsanitary food preparation, a prisoner must do more than allege a single or isolated incident of contamination. *See, e.g.*, *Herbig v. Louisville Metro Dep't of Corr.*, No. 3:19-CV-P395-RGJ, 2019 WL 4478862, at *2-3 (W.D. Ky. Sept. 18, 2019); *Crawford v. Bolton*, No. 3:17-CV-P535-DJH, 2018 WL 577986, at *2 (W.D. Ky. Jan. 26, 2018); *Harrell v. Blue*, No. 4:09CV-P104-M, 2010 WL 693497, at *3 (W.D. Ky. Feb. 16, 2010); *Crawley v. Daviess Cty. Det. Ctr.*, No. 4:09CV-P81-M, 2009 WL 3335101, at *3 (W.D. Ky. Oct. 15, 2009); *Edwards v. Aramark Corr. Servs.*, No. 3:09CV-P160-S, 2009 WL 1360243, at *2 (W.D. Ky. May 13, 2009); *Duerson v. Marrow*, No. 4:06CV-P0003-M, 2006 WL 1473894, at *4 (W.D. Ky. May 23, 2006). In the context of foreign objects in food, the Sixth Circuit has required a showing of some sort of regularity, harm, and something that "consistently creates conditions that fall below the 'minimal civilized measure of life's necessities as measured by contemporary standard of decency.'" *Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017) ("The nature of the inconveniences presented in Balcar's claims regarding foreign bodies in his food and the presence of rodents and insects in the kitchen areas, while serious" did not arise to a constitutional violation).

Here, Plaintiffs each only allege a single incident.  (Compl. ¶¶ 13, 18).  McRae claims that he received "a laceration to the inside of [his] mouth" in June 2018 and received treatment for related headaches two weeks later.  (Compl. ¶¶ 13-17).  Duncan alleges that he "located a portion of his tooth in the [wood]" in September 2018 and was also treated by the medical staff.  (Compl. ¶ 18).  Accepting as true Plaintiffs' claims that injuries resulted, they still did not allege any facts indicating incarceration that "consistently creates conditions that fall below the 'minimal civilized measure of life's necessities as measured by contemporary standards of decency.'"  *Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017).  The Supreme Court has held there must be a showing that "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk."  *Helling v. McKinney*, 509 U.S. 25, 36 (1993).  For example, in *Edwards v. Aramark Correctional Services*, this Court held that even though an inmate consumed a piece of gravel in his meal, "he does not allege . . . that his food regularly or even often contains gravel."  *Edwards*, 2009 WL 1360243, at *2.  Similarly, in *Boone v. Jones*, No. 4:18-CV-P156-JHM, 2019 WL 342161 (W.D. Ky. Jan. 28, 2019), this Court held that an isolated incident of finding glass in food was insufficient to state a claim for a constitutional violation.  *Id*. at *2.

Although Plaintiffs allege a physical injury caused by the foreign object, the analogous situation of food poisoning has been deemed insufficient.  For example, in *Duncan v. Louisville Metro Department of Corrections*, No. 3:13CV-P718-H, 2013 WL 6577037 (W.D. Ky. Dec. 13, 2013), this Court granted a motion to dismiss noting that "accepting the allegations as true, the complaint alleges a one-time incidence of food poisoning.  As such, it is insufficient to state a deliberate-indifference claim under the Eighth/Fourteenth Amendment."  *Id*. at *3.  Likewise, in *Velthuysen v. Aramark Correctional Services, Inc*., No. 2:14-CV-192, 2017 WL 236191 (W.D.

Mich., Jan 19, 2017), the plaintiff alleged that he was served moldy food and then became violently ill with frequent bowl movements, vomiting, high fever, upset stomach, nausea, and bloody bowel movements for 2-3 days. *Id*. at *1-2. However, the court held that "allegation of apparent food poisoning on one occasion, even considered along with his other allegations, still does not allege conduct sufficiently serious to establish an Eight Amendment violation." *Id*. at *2. More directly on point, a sister court has held that when a plaintiff bit into a taco that contained a tooth, which injured his own tooth, the allegations were insufficient to prove a deprivation. *Murray v. Allen*, No. 10-1014, 2010 WL 4159261, at *2 (E.D. Pa. Oct. 21, 2010).

Plaintiffs' claim obfuscates these requirements by claiming that "the condition of foreign objects regularly being found in inmate food trays" was the constitutional violation. (Pls.' Resp. Def.'s Mot. Dismiss 2). Plaintiffs, however, cannot aggregate their claims to assert "general conditions of confinement." In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court held that "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id*. at 305. In the context of foreign objects in food, this Court has held that "[w]hile Plaintiff alleges that there had been previous complaints of maggots in food, he alleges only a single incident when *his* food contained maggots." *Crawford v. Bolton*, No. 3:17-CV-P535-DJH, 2018 WL 577986, at *2 (W.D. Ky. Jan. 26, 2018).

The same is true here. Plaintiffs have not alleged sufficient facts to show a "specific deprivation of a single human need exists" and therefore, cannot rely on an allegation of general conditions. As such, Plaintiffs have failed to state a Section 1983 claim against Louisville Metro.

### B.    State Law Claim

Louisville Metro seeks dismissal of Plaintiffs' state law claim of negligence based on the

doctrine of sovereign immunity.  (Def.'s Mot. Dismiss 5-6).  Plaintiffs did not respond to this issue.

As this Court has noted:

> Under Kentucky law, it is well established that claims against counties are barred
> by sovereign immunity. *Franklin Cty. v. Malone*, 957 S.W.2d 195, 203 (1997),
> *overruled on other grounds by Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001).
> Louisville Metro, however, is not a county; rather, it is a consolidated local
> government.  Under KRS 67C.101(2)(e), the Kentucky General Assembly has
> expressly granted to consolidated local governments "the same sovereign immunity
> granted to counties, their agencies, officers, and employees." KRS 67C.101(2)(e);
> *see also Transit Auth. of River City v. Bibelhauser*, 432 S.W.3d 171, 173 (Ky. App.
> 2013).  Accordingly, all state-law claims asserted against Louisville Metro are
> barred by sovereign immunity.  *Jewish Hosp. Healthcare Servs., Inc. v.
> Louisville/Jefferson Cty. Metro Gov't*, 270 S.W.3d 905, 906 (Ky. App. 2008)
> ("Metro Government is entitled to sovereign immunity.").

*Reyes v. Salsman*, No. 3:15-CV-00587-GNS-DW, 2016 WL 247582, at *2 (W.D. Ky. Jan. 20,

2016).  Accordingly, Plaintiffs' claim against Louisville Metro for negligence is dismissed because

it is barred by sovereign immunity.

### IV.    CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss

(DN 6) is **GRANTED**, and Plaintiff's claims against Defendant Louisville-Jefferson County

Metro Government are **DISMISSED**.

Greg N. Stivers, Chief Judge

United States District Court

October 30, 2020

cc:    counsel of record

8